UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JERMAINE D'SHANN DODD,

    Petitioner,

v.                                        CAUSE NO. 3:19-CV-350-DRL-MGG

WARDEN,

    Respondent.

OPINION & ORDER

Jermaine D'Shann Dodd, a prisoner without a lawyer, filed an amended habeas corpus petition challenging the prison disciplinary hearing (ISP-18-07-0089) in which a Disciplinary Hearing Officer (DHO) found him guilty of engaging in security threat group/unauthorized organizational activity in violation of Indiana Department of Correction policy B-208. ECF 11. As a result, he was sanctioned with a suspended sentence of the loss of 30 days earned credit. *Id.* The sentence was imposed on September 27, 2018. *Id.*

The Warden filed a motion to dismiss Mr. Dodd's amended petition, noting that "[t]here is no longer a case or controversy for this Court to adjudicate regarding the issues raised in the petition for habeas relief and this case should be dismissed as moot." ECF 19 at 2. Specifically, on May 4, 2020, the Appeal Review Officer dismissed Mr. Dodd's disciplinary action, removed the charges from his record, reversed the sanctions, and restored his time credit. ECF 19-4; *see also* ECF 19-5 (Offender Information System showing new versus old discharge dates).

Mr. Dodd filed a response in opposition to the Warden's motion.[1] ECF 22. In it, he does not dispute that the sanctions were vacated and that his good credit time was restored. Rather, he argues

---

[1] Mr. Dodd also filed a traverse in which he makes many of the same arguments he does in his response along with addressing the merits of his amended petition ECF 23.

that he has been prejudiced because: (1) David A. Arthur, the Warden's attorney, did not enter an appearance in the case; (2) his "name has not been cleared;" (3) he is still entitled to monetary damages; (4) the case is not moot because he was injured by the sanctions; and (5) the Warden violated Rule 5 by not filing the complete record or responding to the merits of the petition. *Id*

None of Mr. Dodd's arguments implicate the ultimate issue in this case—whether the disciplinary proceeding has affected the fact or duration of his confinement. *See Washington v. Smith*, 564 F.3d 1350, 1351 (7th Cir. 2009) ("habeas corpus petition must attack the fact or duration of one's sentence; if it does not, it does not state a proper basis for relief under § 2254"); *see also Hadley v. Holmes*, 341 F.3d 661, 664 (7th Cir. 2003) (prisoner can challenge prison disciplinary determination in habeas proceeding only when it resulted in a sanction that lengthened the duration of his confinement). Here, it is undisputed that the 30 days of earned credit time—originally imposed as a sanction in the disciplinary action—have been restored. Thus, Mr. Dodd has already obtained the maximum relief available in this proceeding. Neither the procedural matters he raises nor the fact that he also requests damages and wishes for his name to be cleared change that result.[2] Because the Warden has demonstrated the sanctions have been vacated, this case is moot and the petition will be dismissed. *See Hadley*, 341 F.3d at 664. Accordingly, his request for an evidentiary hearing (ECF 24) will be denied as unnecessary.

As a final matter, Mr. Dodd has also filed a motion entitled "Petitioner's Motion for Immediate Transfer from I.S.P. Due to Improper Treatment and Torment Housing Conditions by Way of Being Pressurized Celling and Department of Litigation to Compromise Litigating." ECF 21. In it, he alleges

---

[2] Of note, Mr. Arthur did enter an appearance in this case (ECF 17), and it is not procedurally improper for the Warden to file a motion to dismiss in response to the court's Rule 5 show cause order. Moreover, "[i]f a state prisoner is seeking damages, he is attacking something other than the fact or length of his confinement, and he is seeking something other than immediate or more speedy release—the traditional purpose of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 494 (1973). "In the case of a damages claim, habeas corpus is not an appropriate or available federal remedy." *Id.*

that he is being "pressurized by apparatus by way of pressure" which is causing injuries to his "hands, fingers, feet, and legal materials." *Id.* He believes his health is in danger, and he requests an investigation of his "cell and body for markings and pressurized imprints." *Id.* However, because these are Eighth Amendment claims that do not affect the fact or length of his custody, they cannot be remedied in a habeas corpus proceeding. *See Montgomery v. Anderson*, 262 F.3d 641, 643 (7th Cir. 2001). If Mr. Dodd wishes to challenge the conditions of his confinement, he must assert those claims under 42 U.S.C. § 1983, rather than in a habeas corpus proceeding under 28 U.S.C. § 2254. *Id.*; *see also Robinson v. Sherrod*, 631 F.3d 839, 841 (7th Cir. 2011) ("[H]abeas corpus is not a permissible route for challenging prison conditions."). Accordingly, the motion will be denied.

For these reasons, the court:

(1) DENIES the motion for immediate transfer (ECF 21);

(2) DENIES the motion for an evidentiary hearing (ECF 24);

(3) GRANTS the motion to dismiss (ECF 19) and DISMISSES the petition as moot; and

(4) DIRECTS the clerk to close this case.

SO ORDERED.

June 30, 2020                                                      *s/ Damon R. Leichty*
                                                                              Judge, United States District Court