UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JERMAINE D'SHANN DODD,

    Petitioner,

v.      CAUSE NO. 3:19-CV-350-DRL-MGG

WARDEN,

    Respondent.

## OPINION & ORDER

Jermaine D'Shann Dodd, a prisoner without a lawyer, filed a "Motion Pursuant to the Federal Rules of Civil Procedure Rule 46 Objecting to a Ruling or Order." ECF 33. This rule applies to trials and "merely abolishes the necessity for formal exceptions to court rulings or orders." *Ellis v. City of Chicago*, 667 F.2d 606, 610 (7th Cir. 1981). There was no trial in this disciplinary habeas corpus case, so to the extent the motion is brought under Rule 46, it will be denied.

That said, because the motion was dated within 28 days of judgment and asks the court to reconsider its order dismissing the petition, it will be construed under Federal Rule of Civil Procedure 59(e). *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Banks v. Chicago Bd. of Educ.*, 750 F.3d 663, 666 (7th Cir. 2014). "Altering or amending a judgment under Rule 59(e) is permissible when there is newly discovered evidence or there has been a manifest error of law or fact." *Harrington v. City of Chicago*, 433 F.3d 542, 546 (7th Cir. 2006).

A noted in previous court orders, Mr. Dodd's petition was dismissed because the loss of 30 days of earned credit time—originally imposed as a suspended sanction by the disciplinary hearing officer (DHO) in the challenged disciplinary action (ISP-18-07-0089)[1] and later imposed on September 27, 2018 when he was found guilty of another disciplinary violation—was restored by the authority of the Appeal Review Officer on May 4, 2020. The Warden provided proof of the removal of the charges, the reversal of the sanctions, and the restoration of the time credit. *See* ECF 19-4; *see also* 19-5 (Offender Information System showing new versus old discharge dates). Mr. Dodd did not dispute this information in his response to the Warden's motion to dismiss or in his traverse. Instead, Mr. Dodd stated, "[a]lthough *respondent has removed the charge and restored all good time that was deprived*, the prejudice remain[s], that the petitioner Jermaine D'Shann Dodd's name has not been cleared and that he is still identified as in (2) two different gangs . . .." ECF 22 at 4 (emphasis added).

In his current motion, Mr. Dodd now states that the "charges [have] not been removed from the petitioner's record" and again argues that his "name has not been cleared" because he is still labeled as being affiliated with a STG. ECF 33 at 2–3. In support of these contentions, Mr. Dodd points to Exhibit A1, which is a Facility Restrictive Housing, Protective Custody and Department Wide Restrictive Housing (DWRH) Review form. ECF 33-1 at 7. That form, which is dated June 26, 2020, notes that Mr. Dodd was placed in restrictive housing earlier in June and that, after review, the placement was

---

[1] Mr. Dodd was found guilty of possessing Security Threat Group (STG) material that the reporting officer described as being consistent with a prominent gang in Gary, Indiana.

deemed to be appropriate based on the need for additional observation and Mr. Dodd's failure to adjust. *Id*. The comments section references an A-102 Battery offence from January 8, 2020, and lists "STG Vice Lord." *Id*.

Putting aside Mr. Dodd's inconsistent statements—and despite his arguments to the contrary—these notations don't alter the outcome of this habeas corpus case. The loss of 30 days of earned credit time was restored. That fact remains undisputed.[2] Whether he has since been subjected to a change in housing location/classification and has suffered damage to his reputation, good name, and prison record is beyond the scope of habeas corpus relief available here. *See Cochran v. Buss*, 381 F.3d 637, 641 (7th Cir. 2004) (loss of an inmate's job, lack of access to prison programs, change in a housing assignment, and damage to his reputation and prison record were insufficient collateral consequences to maintain jurisdiction over a prison disciplinary habeas corpus petition that did not result in the loss of earned credit time). Likewise, Mr. Dodd's repeated arguments that he is entitled to monetary damages are unavailing. *See Washington v. Smith*, 564 F.3d 1350, 1351 (7th Cir. 2009) ("habeas corpus petition must attack the fact or duration of one's sentence; if it does not, it does not state a proper basis for relief under § 2254"). Mr. Dodd has not presented any newly discovered evidence that would affect the judgment in this case, and there has not been a manifest error of law or fact. Accordingly, to the extent the motion seeks relief pursuant to Rule 59(e), it will be denied. *See Harrington*, 433 F.3d at 546.

---

[2] *See* ECFs 19-4, 19-5, 31 & 34.

Finally, Mr. Dodd has filed a motion for a certificate of appealability and a motion for leave to appeal *in forma pauperis*. If Mr. Dodd wants to appeal this order and dismissal of his petition, he does not need a certificate of appealability because he is challenging a prison disciplinary proceeding. *See Evans v. Circuit Court*, 569 F.3d 665, 666 (7th Cir. 2009). However, he may not proceed *in forma pauperis* on appeal because, pursuant to 28 U.S.C. § 1915(a)(3), an appeal in this case could not be taken in good faith.

For these reasons, the court:

(1) DENIES the "Motion Pursuant to the Federal Rules of Civil Procedure Rule 46 Objecting to a Ruling or Order" (ECF 33);

(2) DENIES the motion for certificate of appealability as unnecessary (ECF 39); and

(3) DENIES the motion for leave to appeal *in forma pauperis* (ECF 40).

SO ORDERED.

August 24, 2020  *s/ Damon R. Leichty*
Judge, United States District Court